# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **MICHAEL SHANE TINSLEY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-405-O** |
| | § | |
| **BOBBY LUMPKIN,** | § | |
| **Director, TDCJ-CID,** | § | |
| | § | |
| **Respondent.** | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Michael Shane Tinsley ("Tinsley"), a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Respondent Bobby Lumpkin, director of that division. Tinsley has also sought to amend the § 2254 petition with a claim of actual innocence. ECF Nos. 19, 19-1. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the § 2254 petition, as amended, must be **DISMISSED** as time-barred.

## I.       BACKGROUND

Tinsley is in custody pursuant to the judgment and sentence of the 29th District Court of Palo Pinto County, Texas, in cause number 15143-O. Pet.  2, ECF No. 1; SHCR at 25, ECF No. 17-11.[1] Tinsley was initially charged by indictment with engaging in organized criminal activity that took place in October 2012. SHCR at 21–24, ECF No. 17-11. On September 28, 2016, after Tinsley pleaded guilty as charged, the trial court sentenced him to ten-years' deferred

---

[1]. "SHCR" is the record of the State habeas corpus proceedings in *Ex parte Tinsley*, No. WR-89,328-01.

adjudication pursuant to a plea bargain agreement. SHCR at 25-27, ECF No. 17-11.  After later violating the terms of his deferred adjudication probation, on December 7, 2017, the state court revoked Tinsley's deferred adjudication and sentenced him to fifteen-years' imprisonment. SHCR at 30–32, ECF No. 17-11.

Tinsley did not file a direct appeal to either his deferred adjudication order or to the judgment adjudicating guilt. Pet. 3, ECF No. 1. Tinsley constructively filed his state application for writ of habeas corpus challenging his conviction on May 17, 2018.[2] SHCR at 18, ECF No. 17-11.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing, on January 9, 2019. SHCR at "Action Taken," ECF No. 17-6. The instant § 2254 federal petition was constructively filed on April 8, 2022.  Pet. 10, ECF No. 1.[3]

## II.    ISSUES

The Court understands Tinsley's § 2254 petition to challenge his conviction on the following grounds:

(1) His sentence is void because he did not actually possess any drugs;

(2) The prosecuting county did not have any tangible evidence against him; and

(3) His trial counsel was ineffective for not raising the above two grounds.

Pet.  6–7, ECF No. 1; Brief 2-4. ECF No. 4.

---

2. May 17, 2018 is the date the state application was signed by Tinsley. *See generally Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013) (citing *Campbell v. State*, 320 S.W.3d 338, 339 (Tex. Crim. App. 2010) (prison mailbox rule applies to Texas post-conviction proceedings).

[3]A pro se petitioner's federal habeas petition is deemed filed, for purposes of determining the applicability of the statute of limitations, when he delivered the writ petition to prison authorities for mailing. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Tinesly signed the petition on April 8, 2022, and thus that is the earliest date he could have placed it in the prison mail system. Pet. 10, ECF No. 1.

### III.    ANALYSIS

#### A.    Application of the Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on

federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitations period shall run from the latest of—
>
> > (A)   the date on which the judgment became final by the
> > conclusion of direct review or the expiration of the time for
> > seeking such review;
> >
> > (B)   the date on which the impediment to filing an application
> > created by State action in violation of the Constitution or laws of
> > the United States is removed, if the applicant was prevented from
> > filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially
> > recognized by the Supreme Court, if that right has been newly
> > recognized by the Supreme Court and made retroactively
> > applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims
> > presented could have been discovered through the exercise of due
> > diligence.
>
> (2)  The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitations under this
> subsection.

28 U.S.C. § 2244(d)(1)–(2).

As a preliminary matter, Tinsley's instant petition does not concern a constitutional right

recognized by the Supreme Court within the last year and made retroactive to cases on collateral

review. Thus, the provision of 28 U.S.C. § 2244(d)(1)(C) does not apply to Tinsley's claims. In

addition, the record does not reflect that any unconstitutional "State action" impeded Tinsley

from filing for federal habeas corpus relief prior to the end of the limitations period. Thus, the provision of 28 U.S.C. § 2244(d)(1)(B) does not apply to Tinsley's claims. And, Tinsley has not shown that he could not have discovered the factual predicate for his claims until a date after the date his conviction because final. See 28 U.S.C. § 2244(d)(1)(D). Rather, all of Tinsley's substantive challenges relate to his guilty plea.  Pet.  6–7. ECF No. 1; Brief 2-4, ECF No. 4. Thus, Tinsley's limitations period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, Tinsley's claims attack his original plea of guilty at the time that the order of deferred adjudication was entered on September 28, 2016. Pet. 6–7, ECF No. 1; Brief 2-4, ECF No. 4; SHCR at 25, ECF No. 17-11. As is relates here, an order of community supervision and deferred adjudication is a "judgment" for AEDPA purposes. *Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005). Therefore, Tinsley's conviction became final on October 28, 2016, at the conclusion of thirty days in which he could timely file a direct appeal. Tex. R. App. Proc. 26.2(a). The federal limitations period expired one year later, on October 30, 2017, absent statutory or equitable tolling.[4]

### 1.    Statutory Tolling Under 28 U.S.C. § 2244(d)(2)

Although the statute provides for tolling of the limitations period during the pendency of a state application, that provision does not apply here because Tinsley did not file his state writ application until May 17, 2018, after the expiration of the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("[S]tate habeas application did not toll the limitation period

---

[4]October 28, 2016, was a Saturday.

4

under § 2244(d)(2) because it was not filed until after the period of limitation had expired.").

Consequently, Tinsley's instant federal petition, filed on April 8, 2022, was over four years and five months too late. The Court will turn to consideration of equitable tolling.

2.    Equitable Tolling

Tinsley appears to allege that he is entitled to equitable tolling because he did not have access to a law library, was moved to different prison units many times, and there were Covid-19 pandemic related delays.  Pet 9, ECF No. 1; Brief 1, ECF No. 4. For the reasons explained, the Court finds that Tinsley has not established entitlement to equitable tolling.

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). Equitable tolling should be applied only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). More specifically, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Moreover, a petitioner's ignorance of the law, lack of knowledge of filing deadlines, pro se status, illiteracy, and lack of legal training will not support equitably tolling the AEDPA limitations period. *See Felder*, 204 F.3d at 171–72.

Here, Tinsley argues that he was unable to timely file his petition because he was frequently moved between TDCJ units without access to a law library. Pet. 9, ECF No. 1; Brief 1, ECF No. 4. The Respondent informs that records show that Tinsley did not begin his housing at a TDCJ unit until January 8, 2018. Resp. (Exhibit A--TDCJ housing assignment log for Tinsley) at 10, ECF No. 13-1. Tinsley's statute of limitations ran on October 30, 2017. Thus, in

addition to not showing that his circumstances were rare and exceptional, Tinsley's movement between units or levels of law library access after his limitations period had already expired, could not have prevented him from timely filing the instant § 2254 petition. Further, any alleged inadequacies in the prison law libraries are not rare and exceptional circumstances. *See, Scott*, 227 F.3d at 263, n. 3.

Similarly, Tinsley has not shown that Covid-19 pandemic related delays affected his timely filing of his federal petition, which was due on or by October 30, 2017. *But see* https://www.supremecourt.gov/announcements/COVID-19.aspx (last viewed July 6, 2023) (showing that the Supreme Court's earliest Covid-19 announcement did not issue until March 19, 2020). On this record, Tinsley's case does not present the necessary "rare and exceptional circumstances" to merit equitable tolling. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

Moreover, "[i]n order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. "Where [petitioner] could have filed his claim properly with even a modicum of due diligence, we find no compelling equities to justify tolling." *Rashidi*, 96 F.3d at 128; *see Fisher*, 174 F.3d at 715; *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Indeed, "equity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 713 (citing *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989); *see also Mathis v. Thaler* 461, 474 (5th Cir. 2010) ("[E]quity is not intended for those who sleep on their rights.").

Here, Tinsley has failed to diligently pursue such relief. Specifically, Tinsley waited over one year and seven months after pleading guilty before filing his state habeas application. SHCR at 19, 25, ECF No. 17-11.  It cannot be said that Tinsley was diligent in pursuing relief.

In sum, Tinsley has not shown the existence of exceptional circumstances or that he acted with reasonable diligence Thus, he is not entitled to equitable tolling of the applicable limitations

provision.

**B.    Tinsley's Belated Actual Innocence Claim Fails to meet the Requirements of**
***McQuiggin v. Perkins.***

The Supreme Court has held that the AEDPA statute of limitations can be overcome by a
showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013). In a post
response motion for leave to amend, Tinsley has provided a proposed amendment to the § 2254
petition arguing that he is actually innocent. Mot. Leave to Amend § 2254 1, ECF No. 19, Am.
Pet. 1-3, ECF No. 19-2.[5] Reviewing Tinsley's amended claim, the Court finds that he fails to
satisfy the conditions for such relief set forth in *McQuiggin.*

In *McQuiggin*, the Supreme Court held that tenable claims of actual innocence serve as a
gateway through which the petitioner may pass, allowing his underlying constitutional claims to
be considered despite being raised outside the AEDPA statute of limitations. 569 U.S. at 386.
However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the
threshold requirement unless he persuades the district court that, in light of the new evidence, no
juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.*
(quoting *Schlup v. Delo*, 513 U.S. 298 (1995), and citing *House v. Bell*, 547 U.S. 518, 538 (2006)
(emphasizing that the *Schlup* standard is "demanding" and seldom met)).

In this context, newly discovered evidence of a petitioner's "[a]ctual innocence" refers to
factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998)
(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "A prototypical example of 'actual
innocence' in a colloquial sense is the case where the State has convicted the wrong person of

---

[5]The motion for leave to file an amendment to the §2254 petition (ECF No. 19) is **GRANTED**
only to the extent the Court has reviewed Tinsley's additional actual innocence claim under *McQuiggin v.
Perkins* set out in the amendment to the § 2254 petition (entitled "Motion to File Amendment to 28
U.S.C. § 2254") (ECF No. 19-1).

the crime." *Sawyer*, 505 U.S. at 340. And while diligence is not a discrete requirement, the timing of the federal habeas petition bears on the credibility of the evidence proffered to show actual innocence. *See McQuiggin*, 569 U.S. at 399–400. Ultimately, "[t]he miscarriage of justice exception . . . applies to a severely confined category" of otherwise untimely claims. *Id*. at 395.

Tinsley's plea of guilty inherently defeats his ability to make the showing of actual innocence required here. Indeed, some circuit courts have held a guilty plea discloses a petitioner from arguing actual innocence to extend the statutory time period under *McQuiggin*. *Jackson v. United States*, 2013 WL 5295701, *3 (E.D. Wis. Sept. 18, 2013); *Sidener v. United States*, 2013 WL 4041375, *3 (C.D. Ill. Aug. 8, 2013) ("Petitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence."); *United States v. Cunningham*, 2013 WL 3899335, n.3 (S.D. Tex. July 27, 2013)("[B]ecause Cunningham pled guilty, and has made no showing of actual innocence , the actual innocence 'gateway' for allowing consideration of otherwise time-barred claims . . . is not available in this case") (citing *McQuiggin*). As the court explained in *Jackson*:

> Setting aside the fact that [the petitioner] has not even begun to make a credible showing that he is actually innocent of the crime for which he was sentenced, it is disingenuous for him to now to argue actual innocence after he admitted and acknowledged under oath the facts supporting his conviction. Accordingly, the Court is obliged to hold that [the petitioner's] motion does not slip through *McQuiggin's* actual innocence gateway.

*Jackson*, 2013 WL 5295701 at *3.

This naturally flows from the great evidentiary weight that courts accord to guilty pleas and the pertaining documents. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The Court understands Tinsley to be  claiming that he is actually innocent because his Indiana presentence investigation report shows that he was in custody in Indiana beginning on June 30, 2013, until at least October 23, 2013, when he was sentenced for non-payment of support of a dependent child, and the presentence report lists the offense date for the challenged Texas conviction as October 21, 2013. Am. Pet. 1-3, 6, 7, ECF No. 19-1.  The Indictment, an Order Nunc Pro Tunc amending the Order of Deferred Adjudication, and the Judgment Adjudicating Guilt, however, all list the underling offense date as October 1, 2012, eight months before the Indiana Presentence Investigation Report says that Tinsley was arrested. SHCR at 23, 30, 33, ECF Nos. 17-11. Furthermore, there is a handwritten notation on the back of the documents provided by Tinsley that states the offense date for the challenged cause number as October 1, 2012. Am. Pet. 12, ECF No. 19-1. Thus, Tinsley's claim that he was otherwise in custody at the time of the October 2012 offense must fail.

Furthermore, Tinsley claims that an online article used an arrest photo from when he was in custody in Indiana when it reported on the crime he is now challenging. Am. Pet. 2, (Exhibit) 8, ECF No. 19-1.  But the photo is not dated, and the article does not state where the photo was taken. *Id.* at 8. The provided photo could arise from any one of Tinsley's previous arrests.

Thus, Tinsley's evidence of "innocence" is insufficient to demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of the newly presented evidence, especially in light of his guilty plea. Because Tinsley has offered insufficient evidence to prove actual innocence, he also cannot meet the exception recognized in *McQuiggin*, and his amended claim of actual innocence must fail.

For all of the above reasons, Tinsley's petition for writ of habeas corpus, as amended,

must be dismissed with prejudice as barred by the applicable statute of limitations.

## IV.    CONCLUSION and ORDER

It is therefore **ORDERED** that Michael Shane Tinsley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended, is **DISMISSED** with prejudice as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **6th day** of **July, 2023.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**